IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

_____

| | | |
|---|---|---|
| BENJAMIN L. FLEENOR | * | |
| | | C04-4046 MWB |
| Plaintiff, | * | |
| | | |
| VS. | * | |
| | | COMPLAINT |
| DAVID AMICK, WOODBURY COUNTY | * | |
| SHERIFF; WOODBURY COUNTY, A | | |
| MUNICIPALITY; JASON D. BUNCH; | * | |
| MICHAEL L. SWEUM; ERIC DAVIS; | | |
| JOSEPH W. RAMIREZ; And GERRY | * | |
| P. MOORE, | | |
| | * | |
| Defendants. | | |
| | * | |

_____

## INTRODUCTION

1. This is a complaint for money damages against individual defendants and the municipality of Woodbury County identified below for violation of plaintiff's constitutional and common law rights. Plaintiff alleges that the individual defendants, acting under color of state law, used excessive force, committed assault and battery, and intentionally inflicted emotional injury on plaintiff who was handcuffed and shackled at the time he was being booked into the Woodbury County Jail. Plaintiff further alleges that Sheriff David Amick and Woodbury County are liable because of its policy and custom of encouraging, tolerating, permitting, and ratifying a pattern of use of excessive force and demeaning, brutal, and harmful assaults and battery upon individuals which were known to it or which should have been known to it. The acts of defendants were not protected by any privileges or immunity from suit.

## JURISDICTION

2. The jurisdiction of the Court is invoked pursuant to the Civil Rights Acts, 42 U.S.C. §1983, the Judicial Code 28 U.S.C. §1331 and 1343; the Constitution of the United States; and pendant jurisdiction.

## PARTIES

3. Plaintiff Benjamin L. Fleenor is an adult male who resides at 1152 Humbolt Avenue, Moville, Iowa.

4. Defendants , Jason D. Bunch (Bunch), Michael L. Sweum (Sweum), Eric Davis (Davis), and Joseph W. Ramirez (Ramirez), were at all times material to this Complaint employed by Woodbury County as Correctional Officers in the Woodbury County Jail. Defendant Gerry P. Moore (Moore) held the position of Sergeant, and was their immediate supervisor. They are sued individually and in their official capacity.

5. Defendant, David Amick, was at all times material to this complaint, Sheriff for defendant Woodbury County, and in that position and capacity, had the authority under state law and municipal practice of Woodbury County, to formulate and oversee policies, practices, and customs of the jailers and county corrections officers and for hiring, screening, training, supervision, and discipline of such correctional officers. He is sued individually and in his official capacity.

6. Defendant, Woodbury County, is a municipality duly incorporated under the laws of the State of Iowa.

7. At all times mentioned herein, defendants were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the State of Iowa and Woodbury County and within the scope of their employment.

# COUNT I.

# CAUSE OF ACTION AGAINST SHERIFF AMICK AND WOODBURY COUNTY

# SECTION 1983 CLAIM

8.  The allegations contained in Paragraph 1 through 7 of this Complaint are replead as though fully and completely set forth in this Count I word-for-word.

9.  The defendants' use of excessive force deprived plaintiff of the constitutional right to bodily security and liberty under the Fourteenth Amendment to the United States Constitution, was an unreasonable physical seizure of plaintiff under the Fourth Amendment to the United States Constitution, and constituted cruel and unusual punishment under the Eight Amendment to the United States Constitution, and in violation of Title 42, United States Code, Section 1983.

10.  Prior to June 10, 2002, Defendant Woodbury County through it's officers and agents, including Defendant Sheriff David Amick, permitted, encouraged, and ratified a pattern and practice of unjustified, unreasonable and illegal behavior by Woodbury County jailers to inflict unnecessary pain and excessive force to control prisoners.

11.  At all times material hereto, Woodbury County Sheriff David Amick was acting within the scope of his employment with Woodbury County.

12.  Defendant Sheriff David Amick was responsible for all training, policies, practices, and procedures in the Woodbury County Jail.

13.  Defendant Sheriff David Amick failed to discipline or prosecute or in any manner deal with known incidents of wrongful acts at the Woodbury County Jail.

14.  Defendant Sheriff David Amick failed to investigate complaints of previous incidents of excessive force and instead, implied that such incidents were justified and proper.

15. By means of both inaction and cover-up of such wrongful excessive force, defendant encouraged officers employed by Woodbury County to believe that excessive force was permissible.

16. Defendant Woodbury County, a municipality, has grossly failed to train its correction officers in the fundamental law of proper use of force by allowing the use of excessive force to continue whether it is warranted or not.

17. The foregoing acts, omissions, and systemic failures are customs and policies of Woodbury County and Sheriff David Amick and caused the correction officers of the municipality to believe that determination of the right to use force and the amount of allowable legal force was within their discretion and that complaints of excessive force would not be honestly or properly investigated, with the foreseeable result that officers would be likely to use improper force.

18. As a direct and proximate cause of the aforesaid acts, omissions, policies and customs of Woodbury County and Sheriff David Amick, defendants, Sweum, Bunch, Ramirez, Davis and Moore improperly used excessive force against the plaintiff.

19. The defendants' actions are the proximate cause of injuries and damages sustained by plaintiff.

20. At all times relevant herein, Sweum, Brunch, Ramirez, Davis, and Moore were acting within the scope of their employment as correction officers and jailers employed by Woodbury County which is liable in respondeat superior.

WHEREFORE, Plaintiff prays for general compensatory damages against defendant Amick and defendant Woodbury County that will fully and fairly compensate him for his damages, for punitive damages, plus interest, costs, and attorney fees.

# COUNT II

# CAUSE OF ACTION AGAINST INDIVIDUAL DEFENDANTS,

# SWEUM, BUNCH, RAMIREZ, DAVIS, AND MOORE

# SECTION 1983 CLAIM

21. The allegations contained in Paragraph 8 through 20 of Count I of this Complaint are replead as though fully and completely set forth in this Count II word-for-word.

22. The defendants' use of excessive force deprived plaintiff of the constitutional right to bodily security and liberty under the Fourteenth Amendment to the United States Constitution, was an unreasonable physical seizure of plaintiff under the Fourth Amendment to the United States Constitution, was cruel and unusual punishment under the Eighth Amendment to the United States Constitution, and in violation of Title 42, United States Code, Section 1983.

23. On June 10, 2002, Benjamin Fleenor was being booked at the Woodbury County Jail by defendants, Sweum, Bunch, Ramirez, and Davis at or about 9:15 p.m. The aforementioned correctional officers, without legal justification or provocation, assaulted Plaintiff by punching him, kicking him, pulling his hair, elbowing him, kneeing him, pounding on his arms, tearing his jewelry and clothing off him, and otherwise physically and emotionally abusing the plaintiff.

24. Plaintiff's hands were handcuffed and his feet were shackled during the beating that the four officers inflicted. Plaintiff did not pose a risk to himself or others at the time of the assault by defendants.

25. Defendant Gerry P. Moore, the aforementioned corrections officers' supervisor stood by and watched as Sweum, Bunch, Ramirez, and Davis offensively attacked plaintiff.

26. During the course of his booking, plaintiff asked defendants and others in the booking room for permission to adjust his underwear as it was uncomfortable. Permission was denied. Plaintiff made no threatening gestures or exhibited no assaultive behavior toward the defendants. Nevertheless, defendants continued to demean and humiliate plaintiff.

27. The defendants' conduct was with malice and with willful, wanton, and reckless disregard for the rights of plaintiff.

28. As a result of the unwarranted assault and use of excessive force, plaintiff suffered the following physical and mental damages:

   a. bruising and lacerations over his head, face, arms, elbows, torso, hips, buttocks, legs, knees, and ankles;

   b. suffered great mental anguish and emotional distress, and

   c. was deprived of his constitutional rights, all to his damage which exceeds $75,000.00.

29. The defendants' actions are the proximate cause of injuries and damages sustained by plaintiff.

30. The Defendants' demeaning, abusive, brutal, and harmful behavior was willful, wanton, and with reckless disregard for the constitutional rights of plaintiff and as such the individual defendants named in Count I herein, should be required to pay punitive damages to deter others from exhibiting such behavior.

31. The Benjamin Fleenor booking was under complete control of the defendants, Moore, Sweum, Bunch, Ramirez, and Davis.

32. The use of demeaning, abusive behavior, both verbally and physically, was unnecessary and outrageous.

33. Defendants' conduct was reckless and in wanton disregard of plaintiff's health and well-being and was substantially certain to cause plaintiff severe emotional distress under the circumstances then and there existing.

34. The defendants' conduct as above described was a proximate cause of the severe emotional distress suffered by the plaintiff.

35. As a result of defendants' conduct, plaintiff has suffered severe emotional distress and has incurred actual damages, and such conduct is of a nature as to entitle plaintiff to punitive damages from individual defendants, Sweum, Bunch, Ramirez, Davis, and Moore.

WHEREFORE, Plaintiff prays for general compensatory damages against the individual defendants that will fully and fairly compensate him for his damages, for punitive damages, plus interest, costs, and attorney fees.

## COUNT III

## PENDANT CAUSE OF ACTION AGAINST DEFENDANTS

## SWEUM, BUNCH, RAMIREZ, DAVIS, AND MOORE

## -ASSAULT AND BATTERY-

36. The allegations contained in Paragraph 21 through 35 of Count II of this Complaint are replead as though fully and completely set forth in this Count III word-for-word.

37. At all times material and relevant herein, Sweum, Bunch, Ramirez, Davis, and Moore were acting within the scope of their authority as a corrections officer of Woodbury County.

38. Said excessive force at the time of the booking and jailing of plaintiff were in violation of state law and constituted assault and battery to plaintiff under the law of the state of Iowa.

39. Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

WHEREFORE, Plaintiff prays for general compensatory damages against the individual defendants that will fully and fairly compensate him for his damages, for punitive damages, plus interest, costs, and attorney fees.

## COUNT IV

## PENDANT CAUSE OF ACTION AGAINST DEFENDANTS

## SWEUM, BUNCH, RAMIREZ, DAVIS, AND MOORE

## -INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS -

40. The allegations contained in Paragraph 36 through 39 of Count III of this Petition are replead as though fully and completely set forth in this Count IV word-for-word.

41. At all times material and relevant herein, Sweum, Bunch, Ramirez, Davis, and Moore were acting within the scope of their authority as a corrections officer of Woodbury County.

42. Said excessive force at the time of the booking and jailing of plaintiff were in violation of state law and constituted intentional infliction of emotional distress to plaintiff under the law of the state of Iowa.

43. Plaintiff invokes the pendant jurisdiction of this Court to hear and determine this claim.

WHEREFORE, Plaintiff prays for general compensatory damages against the individual defendants that will fully and fairly compensate him for his damages, for punitive damages, plus interest, costs, and attorney fees.

## COUNT V

## CAUSE OF ACTION AGAINST DEFENDANT – WOODBURY COUNTY

43. The allegations contained in Paragraph 40 through 42 of Count IV of this Petition are replead as though fully and completely set forth in this Count V word-for-word.

44. At all times relevant herein, Sweum, Brunch, Ramirez, Davis, and Moore were acting within the scope of their employment as correction officers and jailers employed by Woodbury County, and likewise, Woodbury County Sheriff David Amick was at all times acting within his scope of his employment with Woodbury County which is liable in respondeat superior.

WHEREFORE, Plaintiff prays for general compensatory damages against the defendants that will fully and fairly compensate him for his damages, for punitive damages, plus interest, costs, and attorney fees.

s/PATRICK J. PHIPPS_____
Patrick J. Phipps     WO 0007677
METCALF, THOMPSON & PHIPPS
P. O. Box 442
Moville, Iowa  51039
(712) 873-3210
(712) 873-5322 (Facsimile)
email: bmmb@netins.net
ATTORNEY FOR PLAINTIFF

s/ROBERT L. SIKMA_____
Robert L. Sikma     WO 0005146
705 Douglas Street, Suite 402 Benson Bldg.
Sioux City, Iowa  51101
(712) 258-1976
(712) 255-3047 (Facsimile)
email: anntorg@aol.com; rsikma@aol.com
ATTORNEY FOR PLAINTIFF